Thomas C. MURPHY, Jr.,
Plaintiff–Appellant,

v.

Betty MONTGOMERY, Ted Almay, and Steven Schierholt, Defendants–Appellees.

No. 00–3152.

United States Court of Appeals,
Sixth Circuit.

Feb. 25, 2002.

Before SILER, CLAY, and GIBSON,[*] Circuit Judges.

PER CURIAM.

Plaintiff Thomas C. Murphy, Jr. appeals the district court's grant of summary judgment in favor of defendants Betty Montgomery, Ohio Attorney General, Ted Almay, superintendent of the Ohio Bureau of Criminal Investigation ("BCI"), and Steven Schierholt, a special agent supervisor with the BCI. Murphy claims that defendants expanded and refocused his background investigation and retracted their conditional offer of a special agent position with the BCI in retaliation for the exercise of his First Amendment right to oppose the Fraternal Order of Police's ("FOP") endorsement of Montgomery in her campaign for attorney general. For the following reasons, we affirm.

## BACKGROUND

In 1996, Murphy, then an employee of the Ohio Peace Officer Training Academy, applied for a special agent position with the BCI. After another applicant received the position. Murphy filed a grievance. An arbitrator decided that Murphy should have received the job. By letter dated May 8, 1998, the BCI offered Murphy the position of special agent "conditioned upon satisfactory results of a polygraph examination and background investigation."

Special Agent Patricia Stipek was assigned to conduct Murphy's background investigation. In late May 1998, Stipek interviewed Murphy. During this inter-

[*] The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

view, Murphy mentioned an "ethics issue" with his prior employer, National City Bank, but denied knowledge of a criminal investigation. Sometime in early June, Stipek spoke with Special Agent Kenneth Hovanic. Hovanic, who had performed a background investigation of Murphy in 1993, asked Stipek if she had checked into the National City Bank matter. Stipek relayed Hovanic's information to Darryl Johnson, her supervisor. When Stipek returned from her vacation in mid-June, Johnson directed her to speak with Hovanic about the National City Bank issue. On July 9, 1998, Stipek met with Hovanic, who provided Stipek with copies of the documentation from his 1993 investigation of Murphy. These documents referred to an FBI investigation of Murphy. In early August, Stipek contacted the FBI and requested the FBI file on Murphy. The FBI file revealed that "Murphy was implicated in a 'ghost employee' kick-back scheme while employed as head of security at National City Bank," and also indicated that Murphy was involved in tax fraud. Interviews with witnesses corroborated the information contained in the FBI file.

In August 1998, Ted Almay, superintendent of the BCI, assigned Steven Schierholt to assist Stipek with the investigation. On August 17, 1998, Schierholt and Stipek conducted a second interview with Murphy. Again, Murphy denied knowledge of the FBI investigation.

In mid-September 1998, Stipek and Schierholt concluded the background investigation of Murphy. Montgomery then made the decision not to hire Murphy "[b]ased on the background investigation findings relative to evidence of criminal activity, and Mr. Murphy's dishonesty during the background investigation." By letter dated September 22, 1998, the BCI retracted the conditional offer of employment due to the unsatisfactory results of the background investigation.

Murphy thereafter filed this action pursuant to 42 U.S.C. § 1983. He alleges that Montgomery, Almay, and Schierholt expanded and refocused the background investigation and rescinded the offer of a special agent position in retaliation for the exercise of his First Amendment right to political expression. At the FOP's state convention in July 1998, Murphy openly opposed granting the FOP's endorsement to Montgomery in her race for attorney general. Granting defendants' motion for summary judgment, the district court found that Murphy failed to state a § 1983 violation.

## STANDARD OF REVIEW

We review *de novo* the district court's grant of summary judgment. *Brandenburg v. Housing Auth. of Irvine*, 253 F.3d 891, 896 (6th Cir.2001). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

## DISCUSSION

█ We apply the following analytical approach in determining whether governmental action was taken in retaliation for the exercise of First Amendment rights:

(1) The threshold question is whether the plaintiff's conduct deserves constitutional protection.

(2) If the court finds that an employee's conduct was protected by the first amendment, the finder of fact must determine whether the action taken was because he engaged in the protected conduct. The employee's protected conduct must be a "substantial factor" or a

"motivating factor" in the employer's decision.

(3) Once the employee meets this burden, the burden shifts to the employer to prove that the action the employee is complaining about would have taken place absent the protected conduct.

*Ratliff v. Wellington Exempted Vill. Sch. Bd. of Educ.,* 820 F.2d 792, 795 (6th Cir. 1987) (citing *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)); *see also Barrett v. Harrington,* 130 F.3d 246, 262 (6th Cir.1997).

█ The parties do not dispute that Murphy's opposition to the FOP's endorsement of Montgomery deserves constitutional protection. On appeal, Murphy contends that the district court improperly resolved the factual issue of the causal connection between his protected conduct and defendants' actions.

Murphy asserts that his arbitration proceedings resulted in awards limiting the BCI's right to delve into his background. According to Murphy, defendants initially complied with the arbitration awards by conducting a standard background investigation. Murphy claims that after the FOP convention, the focus and extent of the background investigation changed, going beyond a standard background check and becoming more like a criminal investigation. The record does not support Murphy's assertions. No language limiting the BCI's right to investigate Murphy's background can be found in any of the decisions arising out of the arbitration proceedings. As for Murphy's claim that his conduct at the FOP convention was the intervening event that changed the course of the investigation, defendants offer evidence that the convention occurred on July 14, 1998. Stipek testified that she received the National City Bank information from Hovanic in early June prior to her vacation and that when she returned from her vacation in mid-June, her supervisor instructed her to speak with Hovanic again. On July 9, 1998, Stipek spoke with Hovanic regarding the information he obtained during his 1993 investigation of Murphy, and Hovanic provided her with documentation referencing the National City Bank matter and the FBI investigation. As this evidence demonstrates, the investigation's course changed prior to the FOP convention.

Murphy also argues that the sequence of events is circumstantial evidence of improper motive. According to Murphy, Stipek took no affirmative action regarding the FBI information and Almay did not assign Schierholt to the investigation until after the FOP convention. Although that is true, nevertheless, Stipek's investigation into the National City Bank matter and the BCI's enlargement of the investigation began prior to the FOP convention.

Murphy has failed to present evidence upon which a juror could reasonably find that his conduct at the FOP convention was a "substantial" or "motivating" factor in defendants' decision to investigate him further and to rescind the conditional offer of employment. Accordingly, the district court did not err in granting summary judgment in favor of defendants.

AFFIRMED.